1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 EASTERN DISTRICT OF CALIFORNIA

10

11 GILBERT G. AMBALONG,                        Case No. 1:12-cv-00658-AWI-DLB PC

12            Plaintiff,                       **ORDER GRANTING MOTION FOR
                                               SCREENING ORDER** (ECF No. 3)
13      v.
                                               **ORDER DISMISSING COMPLAINT FOR
14 F. IGBINOSA, et al.,                        FAILURE TO STATE A CLAIM WITH
                                               LEAVE TO AMEND** (ECF No. 2, 11)
15            Defendants.
                                               RESPONSE DUE WITHIN THIRTY DAYS
16

17

18 **I.      Background**

19        Plaintiff Gilbert G. Ambalong ("Plaintiff") is a prisoner in the custody of the California

20 Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se in this civil

21 action pursuant to 42 U.S.C. § 1983.  On July 1, 2011, Plaintiff filed this action in Fresno County

22 Superior Court.  On April 25, 2012, Defendants D. B. Allen, F. Igbinosa, R. H. Trimble, and J. A.

23 Yates ("Defendants") filed a notice of removal to this Court.  ECF No. 2.  On November 29, 2012,

24 Defendants filed a complete copy of Plaintiff's complaint.  ECF No. 11.[1]

25        The Court is required to screen complaints brought by prisoners seeking relief against a

26 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

27 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

28

---

[1] Defendants also filed a motion requesting that the Court screen Plaintiff's complaint pursuant to § 1915A(a) prior to requiring Defendants to respond to the complaint.  ECF No. 3Defendants' motion is HEREBY granted.

1

1   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2   monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1),(2).

3          A complaint must contain "a short and plain statement of the claim showing that the pleader

4   is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

5   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

6   do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

7   U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

8   claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual

9   allegations are accepted as true, legal conclusions are not.  *Id.*

10  **II.     Summary of Complaint**

11         Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California,

12  where the events giving rise to this action occurred.  Plaintiff names as Defendants: acting warden R.

13  H. Trimble, former warden J. A. Yates, chief medical officer F. Igbinosa, chief physician and

14  surgeon Duenas, physician assistant B. J. Green, correctional captain D. Allen, general medical

15  practitioner D. Jardini, physician assistant E. Brown, and Does 1-5, members of the Pain

16  Management Committee.  Plaintiff also names Doe Defendant, Director of Corrections.

17         Plaintiff alleges the following.  Plaintiff suffered degenerative disc disease, which caused

18  him pain.  Pl.'s Compl. ¶ 14.  Plaintiff contends all Defendants have been aware of Plaintiff's

19  medical condition since he was transported to pain management specialist Langlois on May 19,

20  2008.  Doctor Langlois had recommended a treatment procedure for Plaintiff.  Pl.'s Compl. ¶ 15.  On

21  September 16, 2008, Plaintiff was admitted to Mercy Hospital in Bakersfield, where he was

22  diagnosed with severe degenerative disc disease.  Pl.'s Compl. ¶ 16.

23         Plaintiff contends that Defendants have repeatedly delayed medical tests and medical

24  treatment for Plaintiff from June 2008 to the date the complaint was filed.  Pl.'s Compl. ¶ 22.

25  Plaintiff filed several appeals regarding his lack of treatment.  Pl.'s Compl. ¶ 23.  On June 5, 2009,

26  Plaintiff was examined by doctor Rahimifar, who examined Plaintiff with his eyes only, and

27  determined that Plaintiff was not an ideal candidate for lumbar surgery.  Pl.'s Compl. ¶ 24.  On

28  August 6, 2010, Defendant Duenas found that Plaintiff should continue on his current daily

1    morphine dosage.  Pl.'s Compl. ¶ 25.

2        On June 3, 2010, Defendant Green discontinued Plaintiff's Lyrica pain medication finding

3    that Plaintiff had only simple disc degeneration.  Pl.'s Compl. ¶ 26.  Defendant Green accused

4    Plaintiff of being manipulative and whining.  Pl.'s Compl. ¶ 26.

5        On October 28, 2010, Plaintiff appeared before the pain management committee, consisting

6    of Defendants Duenas, Green, Igbinosa, and Allen, and five other Doe Defendants.  Pl.'s Compl. ¶

7    27.  Plaintiff explained his pain issues, how his pain can reach 9 on a scale of 1 through 10, and is at

8    6 or 7 on other days.  Pl.'s Compl. ¶ 27.  The committee discussed Plaintiff's case and basically

9    stated that all his problems are anxiety-related, ignoring the objective tests.  Pl.'s Compl. ¶ 27.

10       On February 18, 2011, during an examination with Defendant Jardini, Plaintiff stated that he

11   was experiencing severe stomach and leg, hip, and back pain.  Pl.'s Compl. ¶ 28.  Defendant Jardini

12   interrupted Plaintiff, stating that he did not feel Plaintiff needed any pain medication and was going

13   to discontinue all currently prescribed pain medication.  Pl.'s Compl. ¶ 28.  On August 12, 2010,

14   Defendant Brown reduced Plaintiff's morphine medication from 30 mg SR three times a day, to 15

15   mg IR two times a day.  Pl.'s Compl. ¶ 29.  On March 24, 2011, Plaintiff made a request to

16   Defendant Brown to have his pain medication increased due to severe pain in his legs, hip, and back.

17   Pl.'s Compl. ¶ 30.  This request was denied.  Pl.'s Compl. ¶ 30.  Plaintiff is on restricted duty status.

18   Pl.'s Compl. ¶¶ 31-33.

19       Plaintiff contends a violation of the Eighth Amendment.  Plaintiff requests as relief

20   compensatory and punitive damages and effective medical treatment.

21   **III.    Analysis**

22       The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not

23   mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation

24   omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an Eighth

25   Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized

26   measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in

27   doing so.'"  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296

28   F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an

1  objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,

2  "sufficiently serious . . . ."  *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298

3  (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate

4  health or safety . . . ."  *Id.* at 837.

5        "Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under this

6  standard, the prison official must not only 'be aware of the facts from which the inference could be

7  drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"

8  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the

9  risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the

10  risk.'"  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

11        Plaintiff fails to state an Eighth Amendment claim against any Defendants.  Plaintiff has

12  sufficiently alleged an objectively serious harm.  However, Plaintiff has not alleged facts indicating

13  that any Defendants acted with deliberate indifference.

14        As to Defendants Duenas, Green, Igbinosa, and Allen, and five Doe Defendants on the pain

15  management committee, Plaintiff fails to allege facts which indicate that Defendants acted with

16  deliberated indifference.  Plaintiff does not allege sufficient facts to demonstrate that Defendants

17  disregarded an excessive risk of serious harm to Plaintiff's health.  Plaintiff's allegation that the

18  committee discussed Plaintiff's case and basically stated that all his problems are anxiety-related

19  does not demonstrate that Defendants disregarded an excessive risk of serious harm to Plaintiff's

20  health.

21        Plaintiff fails to state a claim against Defendant Brown.  Plaintiff alleges that Defendant

22  Brown reduced Plaintiff's pain medication and refused to increase it.  However, that allegation is

23  insufficient to demonstrate that Defendant Brown knew of and disregarded an excessive risk of

24  serious harm to Plaintiff's health.

25        Plaintiff fails to state a claim against Defendant Green.  Plaintiff alleges that Defendant

26  Green discontinued one of Plaintiff's pain medications.  However, that allegation is insufficient to

27  demonstrate that Defendant Green knew of and disregarded an excessive risk of serious harm to

28  Plaintiff's health.

1    Plaintiff fails to state a claim against Defendant Jardini.  Plaintiff alleges that Defendant

2  Jardini stated to Plaintiff that he believed Plaintiff did not need his currently prescribed medication

3  and would discontinue it.  However, Plaintiff also alleges that he continued to receive pain

4  medication.  Thus, Plaintiff's allegation is insufficient to demonstrate that Defendant Jardini knew of

5  and disregarded an excessive risk of serious harm to Plaintiff's health.

6    To the extent that Plaintiff alleges liability because of any Defendants' supervisory position,

7  Plaintiff fails to state a claim.  The term "supervisory liability," loosely and commonly used by both

8  courts and litigants alike, is a misnomer.  *Iqbal*, 556 U.S. at 677.  "Government officials may not be

9  held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat*

10  *superior.*"  *Id.* at 676.  Rather, each government official, regardless of his or her title, is only liable

11  for his or her own misconduct.  *Id.* at 677.  When the named defendant holds a supervisory position,

12  the causal link between the defendant and the claimed constitutional violation must be specifically

13  alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438,

14  441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must

15  allege some facts indicating that the defendant either: personally participated in the alleged

16  deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor*

17  *v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).   Plaintiff alleges no facts against any supervisory

18  Defendants which would indicate that the supervisory Defendant personally participated in an

19  alleged constitutional deprivation, or knew of a constitutional deprivation and failed to act.

20  **IV.    Conclusion and Order**

21    Plaintiff fails to state any cognizable federal claims against any Defendants.  The Court will

22  provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies

23  identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

24  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

25  complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

26    If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P.

27  8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's

28  constitutional or other federal rights.  *See Iqbal*, 556 U.S. at 678.  Although accepted as true, the

1   "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."

2   *Twombly*, 550 U.S. at 555.

3          Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,

4   *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*,

5   *Lacey v. Maricopa County*, -- F.3d --, 09-15806, 2012 WL 3711591 (9th Cir. Aug. 29, 2012) (en

6   banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without

7   reference to the prior or superseded pleading,"  L. R. 220.

8          Accordingly, based on the foregoing, it is HEREBY ORDERED that:

9          1.      The Clerk's Office shall send Plaintiff a complaint form;

10         2.      Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first

11   amended complaint within **thirty (30) days** from the date of service of this order;

12         3.      Plaintiff may not add any new, unrelated claims to this action via the first amended

13   complaint and any attempt to do so may result in an order striking the first amended complaint; and

14         4.      If Plaintiff fails to comply with this order, the Court will dismiss this action for failure

15   to obey a court order and failure to state a claim.

16

17

18   IT IS SO ORDERED.

19      Dated:    **December 10, 2012**              /s/ *Dennis L. Beck*

20                                          UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28