**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT G. AMBALONG,<br><br>          Plaintiff,<br><br>     v.<br><br>F. IGBINOSA, et al.,<br><br>          Defendants. | Case No. 1:12-cv-00658-AWI-DLB PC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SCREENING OF FIRST AMENDED COMPLAINT** (ECF No. 14)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN DEFENDANTS** (ECF No. 13)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.     Background**

Plaintiff Gilbert G. Ambalong ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. On July 1, 2011, Plaintiff filed this action in Fresno County Superior Court. On April 25, 2012, Defendants D. B. Allen, F. Igbinosa, R. H. Trimble, and J. A. Yates ("Defendants") filed a notice of removal to this Court. ECF No. 2. On November 29, 2012, Defendants filed a complete copy of Plaintiff's Complaint. ECF No. 11. On December 11, 2012, the Court screened Plaintiff's complaint and dismissed it for failure to state a claim, with leave to amend. ECF No. 12. On January 14, 2013, Plaintiff filed his First Amended Complaint. ECF No. 13.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a

---

[1] Defendants also filed a motion requesting that the Court screen Plaintiff's complaint pursuant to § 1915A(a) prior to requiring Defendants to respond to the complaint. ECF No. 14. Defendants' motion is HEREBY granted.

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of First Amended Complaint

Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: chief medical officer F. Igbinosa, warden R. H. Trimble, medical doctor D. Jardini, and physician assistant B. Green.

Plaintiff alleges the following. In May 2007, Plaintiff fell off the top bunk of his prison cell, and suffered excruciating pain in his back. First Am. Compl. ("FAC") ¶ 9. A doctor examined Plaintiff's MRI of his back which indicated that he suffered permanent damage to his lumbar spine. FAC ¶ 14. Plaintiff suffers from vertical tears in his spine, degenerative spondylolisthesis condition, and chronic lumbar pain. FAC ¶¶ 13-15. Defendants Igbinosa, Trimble, Jardini, and Green are aware of Plaintiff's condition. FAC ¶¶ 17-19. Plaintiff constantly complained of his pain to Defendants, filing CDCR 7362 medical requests and CDCR 602 inmate appeals, requesting pain medication and complaining of the medical care. FAC ¶¶ 20-21.

On May 19, 2008, Defendant Igbinosa sent Plaintiff to see Dr. Langlosis, who concluded that Plaintiff suffered from significant pain and recommended pain treatment and procedures. FAC ¶¶ 23-25. Langlosis recommended that Plaintiff return for another consultation to assure the effectiveness of the treatment plan. FAC ¶ 26. Defendant Igbinosa refused to follow the

recommendations, with knowledge that this would result in increased pain for Plaintiff.  FAC ¶ 27.

Plaintiff became gravely ill in September 16, 2008, and was sent to Mercy Hospital, where he was diagnosed with staphylococcus, severe degenerative disc disease of the lumbar spine, and possible valley fever.  FAC ¶¶ 28-30.  Plaintiff was then referred to Dr. Dureza at Mercy Hospital, who recommended that Plaintiff undergo a multi-level laminectomy and possible fusion.  FAC ¶ 33.  Dr. Dureza concluded that conservative measures had failed and recommended to Defendant Igbinosa that Plaintiff undergo immediate surgery.  FAC ¶ 34.  Dr. Dureza recommended that Plaintiff return in 4 weeks for further consultation.  FAC ¶ 35.  Defendant Igbinosa refused to provide for surgery and refused to allow Plaintiff to consult with Dr. Dureza.  FAC ¶¶ 36-37.

Plaintiff filed inmate appeals complaining of the pain and requested his recommended pain management and doctor consultations, which were denied by Defendants Igbinosa and Trimble. FAC ¶¶ 39-40.  On June 3, 2010, Defendant Green discontinued Plaintiff's Lyrica pain medication because Plaintiff was a manipulating whiner, knowing that the discontinuation would result in increased pain for Plaintiff.  FAC ¶¶ 42, 48, 50.

On February 18, 2011, Plaintiff spoke with Defendant Jardini.  FAC ¶ 53.  Plaintiff explained that he had been experiencing excruciating pain in his back, legs, hip, and stomach. FAC ¶ 54. Defendant Jardini told Plaintiff that he was going to discontinue all of Plaintiff's pain medication which he was aware would cause Plaintiff further pain.  FAC ¶ 55.

Plaintiff requests as relief compensatory and punitive damages, costs of suit, and an order that Defendants properly treat Plaintiff's medical condition.

**III.   Analysis**

    **A.   Defendants Yates and Allen**

Plaintiff makes no allegations against Defendants Yates and Allen in his FAC, and thus fails to state a claim against them.  *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.").  Defendants Yates and Allen will be dismissed from this action.

3

### B.     Medical Care – Eighth Amendment

The Court construes Plaintiff's claims as claims for violation of the Eighth Amendment. The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Based on Plaintiff's allegations, Plaintiff states an Eighth Amendment claim against Defendants Igbinosa, Trimble, Jardini, and Green for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

### IV.    Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed against Defendants Igbinosa, Trimble, Jardini, and Green for deliberate indifference to a serious medical need in violation of the Eighth Amendment; and
2. Defendants Allen and Yates be dismissed from this action with prejudice for failure to

state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 9, 2013**                        /s/ *Dennis L. Beck*
                                                  UNITED STATES MAGISTRATE JUDGE