IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT G. AMBALONG,<br><br>    Plaintiff,<br><br>v.<br><br>F. IGBINOSA, et al.,<br><br>    Defendants.<br>_____/ | 1:12-cv-00658-AWI-DLB (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 16) |

      On May 24, 2013, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. However, Plaintiff is not currently proceeding in forma pauperis, and the Court lacks statutory authority under 28 U.S.C. § 1915(e)(1).

      Even if Plaintiff was proceeding in forma pauperis, Plaintiff has not demonstrated that this action warrants appointment of counsel. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court

1 must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to
2 articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal
3 quotation marks and citations omitted).

4     In the present case, the Court does not find the required exceptional circumstances.  Even
5 if it is assumed that Plaintiff is not well versed in the law and that he has made serious
6 allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is
7 faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court
8 cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a
9 review of the record in this case, the Court does not find that Plaintiff cannot adequately
10 articulate his claims.  *Id.*

11     For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY
12 DENIED, without prejudice.

13     IT IS SO ORDERED.

14     Dated: **June 6, 2013**          /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE