1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT FOR THE

9                 EASTERN DISTRICT OF CALIFORNIA

10

11  GILBERT G. AMBALONG,                    1:12-cv-00658-AWI-DLB (PC)

12            Plaintiff,

13  v.                                      ORDER DENYING MOTION FOR
                                            APPOINTMENT OF COUNSEL
14  F. IGBINOSA, et al.,
                                            (ECF No. 16)
15            Defendants.

16  _____/

17          On May 24, 2013, Plaintiff filed a motion seeking the appointment of counsel.  Plaintiff

18  does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113

19  F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff

20  pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. United States District Court for the Southern*

21  *District of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the

22  Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113

23  F.3d at 1525.  However, Plaintiff is not currently proceeding in forma pauperis, and the Court

24  lacks statutory authority under 28 U.S.C. § 1915(e)(1).

25          Even if Plaintiff was proceeding in forma pauperis, Plaintiff has not demonstrated that

26  this action warrants appointment of counsel.  Without a reasonable method of securing and

27  compensating counsel, the Court will seek volunteer counsel only in the most serious and

28  exceptional cases.  In determining whether "exceptional circumstances exist, the district court

must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id.*

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:    June 6, 2013            /s/ Dennis L. Beck            **
                                   UNITED STATES MAGISTRATE JUDGE