# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT AMBALONG,<br>Plaintiff,<br>v.<br>R. H. TRIMBLE, et al.,<br>Defendants. | Case No. 1:12-cv-00658 AWI DLB PC<br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST BE GRANTED<br>[ECF No. 23]<br>THIRTY-DAY OBJECTION DEADLINE |

## I. **Procedural History**

Plaintiff Gilbert Ambalong ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. On August 12, 2011, Plaintiff filed this action in Fresno County Superior Court. On April 25, 2012, Defendants D. B. Allen, F. Igbinosa, R. H. Trimble, and J. A. Yates ("Defendants") filed a notice of removal to this Court. On November 29, 2012, Defendants filed a complete copy of Plaintiff's Complaint. On December 11, 2012, the Court screened Plaintiff's complaint and dismissed it for failure to state a claim, with leave to amend. On January 14, 2013, Plaintiff filed his First Amended Complaint. On May 13, 2013, the Court issued a Findings and Recommendation which recommended that certain defendants be dismissed. On June 21, 2013, the District Court adopted the Findings and Recommendation in full. On July 2, 2013, Defendants filed an unenumerated Rule 12(b) motion to dismiss on the ground that

Plaintiff failed to exhaust state remedies. Following the decision in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014), the Court denied the unenumerated 12(b) motion. On May 16, 2014, Defendants filed the instant motion for summary judgment on the ground that Plaintiff failed to exhaust his inmate appeal remedies. Plaintiff did not file an opposition. The motion is deemed submitted pursuant to Local Rule 230(l).

## II. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions,

documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. This requires the plaintiff to "show more than the mere existence of a scintilla of evidence." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)). "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

## III. Discussion

### A. Description of CDCR's Administrative Remedy Process

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). The administrative remedy process is initiated by submitting a CDCR Form 602 "Inmate/Parolee Appeal" within thirty calendar days (1) of the event or decision being appealed, (2) upon first having knowledge of the action or decision being appealed, or (3)

upon receiving an unsatisfactory departmental response to an appeal filed. Tit. 15, §§ 3084.2(a), 3084.8(b)(1) (quotation marks omitted). The appeal must "describe the specific issue under appeal and the relief requested," and the inmate "shall list all staff member(s) involved and shall describe their involvement in the issue." § 3084.2(a). Furthermore, the inmate "shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment." § 3084.2(a)(4).

**B. Parties' Positions**

**1. Plaintiff's Allegations**

Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: chief medical officer F. Igbinosa, warden R. H. Trimble, medical doctor D. Jardini, and physician assistant B. Green.

Plaintiff alleges the following. In May 2007, Plaintiff fell off the top bunk of his prison cell, and suffered excruciating pain in his back. First Am. Compl. ("FAC") ¶ 9. A doctor examined Plaintiff's MRI of his back which indicated that he suffered permanent damage to his lumbar spine. FAC ¶ 14. Plaintiff suffers from vertical tears in his spine, degenerative spondylolisthesis condition, and chronic lumbar pain. FAC ¶¶ 13-15. Defendants Igbinosa, Trimble, Jardini, and Green are aware of Plaintiff's condition. FAC ¶¶ 17-19. Plaintiff constantly complained of his pain to Defendants, filing CDCR 7362 medical requests and CDCR 602 inmate appeals, requesting pain medication and complaining of the medical care. FAC ¶¶ 20-21.

On May 19, 2008, Defendant Igbinosa sent Plaintiff to see Dr. Langlois, who concluded that Plaintiff suffered from significant pain and recommended pain treatment and procedures. FAC ¶¶ 23-25. Langlois recommended that Plaintiff return for another consultation to assure the effectiveness of the treatment plan. FAC ¶ 26. Defendant Igbinosa refused to follow the recommendations, with knowledge that this would result in increased pain for Plaintiff. FAC ¶ 27. Plaintiff became gravely ill in September 16, 2008, and was sent to Mercy Hospital, where he was diagnosed with staphylococcus, severe degenerative disc disease of the lumbar spine, and possible

valley fever. FAC ¶¶ 28-30. Plaintiff was then referred to Dr. Dureza at Mercy Hospital, who recommended that Plaintiff undergo a multi-level laminectomy and possible fusion. FAC ¶ 33. Dr. Dureza concluded that conservative measures had failed and recommended to Defendant Igbinosa that Plaintiff undergo immediate surgery. FAC ¶ 34. Dr. Dureza recommended that Plaintiff return in 4 weeks for further consultation. FAC ¶ 35. Defendant Igbinosa refused to provide for surgery and refused to allow Plaintiff to consult with Dr. Dureza. FAC ¶¶ 36-37.

Plaintiff filed inmate appeals complaining of the pain and requested his recommended pain management and doctor consultations, which were denied by Defendants Igbinosa and Trimble. FAC ¶¶ 39-40. On June 3, 2010, Defendant Green discontinued Plaintiff's Lyrica pain medication because Plaintiff was a manipulating whiner, knowing that the discontinuation would result in increased pain for Plaintiff. FAC ¶¶ 42, 48, 50.

On February 18, 2011, Plaintiff spoke with Defendant Jardini. FAC ¶ 53. Plaintiff explained that he had been experiencing excruciating pain in his back, legs, hip, and stomach. FAC ¶ 54. Defendant Jardini told Plaintiff that he was going to discontinue all of Plaintiff's pain medication which he was aware would cause Plaintiff further pain. FAC ¶ 55.

Plaintiff requests as relief compensatory and punitive damages, costs of suit, and an order that Defendants properly treat Plaintiff's medical condition.

**2. <u>Undisputed Facts</u>**

a. Plaintiff is a state inmate suing under 42 U.S.C. § 1983. FAC ¶¶ 1, 3.

b. During relevant times, Plaintiff was an inmate at PVSP. FAC ¶ 3.

c. Plaintiff is suing PVSP Chief Medical Officer Dr. Igbinosa, PVSP Warden Trimble, Medical Doctor D. Jardini, and Physician Assistant B. Green for deliberate indifference to his back condition.[1] FAC ¶¶ 4, 5, 6, 7.

d. Plaintiff alleges three claims against Defendant Igbinosa: 1) that he refused to follow Dr. Langlois' May 19, 2008 recommendations and did not allow a follow-up consultation with Dr. Langlois; 2) that he refused to follow Dr. Dureza's September 16, 2008 recommendation for immediate back surgery or allow Plaintiff to return for a follow-up

[1] Defendants Jardini and Green have not yet been served.

consultation with Dr. Dureza; and 3) that he denied Plaintiff's appeals requesting Dr. Langlois' and Dr. Dureza's recommended pain management and follow-up consultations. FAC ¶¶ 27, 36-37, 39-40.

e. Plaintiff alleges one claim against Warden Trimble: that he denied Plaintiff's appeals requesting Dr. Langlois' and Dr. Dureza's recommended pain management and follow-up consultations. FAC ¶¶39-40.

f. Plaintiff was aware of the inmate appeal process at PVSP. Zamora Decl. ¶ 4, Ex. A; FAC ¶ 2.

g. Between May 2007, and August 12, 2011, Plaintiff exhausted two non-medical inmate appeals: PVSP-09-02167 and PVSP-10-00820. Zamora Decl. ¶ 7.

h. Appeal PVSP-09-02167 concerned religious services. Morgan Decl. ¶ 7, Ex. E.

i. Appeal PVSP-10-00820 pertains to a request for disability status and privileges. Morgan Decl. ¶ 6, Ex. D.

j. Plaintiff alleges he exhausted his inmate appeal remedies through two medical inmate appeals: log no. PVSP 09-11552 and log no. PVSP-10-14718. FAC ¶ 2.

k. Plaintiff only exhausted one medical appeal (PVSP 09-11552) before filing his complaint on August 12, 2011. Robinson Decl. ¶ 6.

l. Appeal PVSP-27-09-11552 was dated March 13, 2009, and stated that on March 2, 2009, [not 2008] Plaintiff seen by Pain Management Specialist Langlois for his lower back, but when he returned, he was not seen by his Primary Care Physician (PCP) and his pain medication (Lyrica) was about to expire. Plaintiff requested: 1) to be evaluated by his PCP; 2) "to follow the pain management" guidelines specified by Dr. Langlois; and 3) be prescribed the correct pain medication. Navarro Decl. ¶ 4, Ex. B.

m. Appeal PVSP-27-09-11552 was exhausted at the Third Level of review on March 20, 2010. Robinson Decl. ¶ 6.

n. Appeal PVSP-10-14718 was dated October 10, 2010, and stated that on October 1, 2010, Plaintiff met with "M.D. Barry M. Green," who stated he was referring him to

have an EMG, which Plaintiff considered to be "useless." The appeal requested that Plaintiff be seen by a neurosurgeon and the PVSP pain management committee "continue pain medication treatment." Navarro Decl. ¶ 4, Ex. D.

o. Appeal PVSP-10-14718 was exhausted at the Third Level of review on September 27, 2011, six weeks after the complaint was filed on August 11, 2011. FAC Compl. ¶ 1; Robinson Decl. ¶ 6.

3. **Argument in Support of Motion for Summary Judgment**

On May 16, 2014, Defendants moved for summary judgment on the ground that Plaintiff did not exhaust his claims prior to filing suit. In his FAC, Plaintiff contends he exhausted his inmate appeal remedies through two medical inmate appeals: PVSP-09-11552 and PVSP-10-14718. Defendants contend that neither appeal served to exhaust the claims in the FAC. Plaintiff did not file an opposition to the motion for summary judgment.

**C. Findings**

**1. PVSP-10-14718**

It is undisputed that appeal PVSP-10-14718 was not exhausted at the Third Level of Review until September 27, 2011. Plaintiff, however, initiated this action on August 12, 2011, which was six weeks prior to exhaustion of the appeal. Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002); see also Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010). Plaintiff may not exhaust while the suit is pending. Id. Nevertheless, when a plaintiff files an amended complaint, the amended complaint supersedes the initial complaint. In Rhodes, the Ninth Circuit held that the exhaustion requirement is satisfied if the new claims asserted in an amended complaint are exhausted prior to tendering the amended complaint to the court for filing. Rhodes, 621 F.3d at 1007. In this case, Plaintiff filed the FAC on January 14, 2013. The claims stated in the FAC, however, were not exhausted in appeal PVSP-10-14718.

In PVSP-10-14718, Plaintiff complained that he had met with M.D. Barry J. Green who advised Plaintiff that he was referring him to have an EMG. Navarro Decl., Ex. D. Plaintiff complained that the EMG was useless. He requested that he be examined by a neurological

surgeon specializing in spinal cord and nerves, to be reviewed by the PVSP Pain Management Committee for a chart and physical examination, and that he continue on the pain medication treatment.

Appeal PVSP-10-14718 did not present any allegations concerning Dr. Igbinosa. The appeal further did not set forth any claims concerning a refusal to follow Dr. Langlois' and Dr. Dureza's recommendations, or a refusal to allow follow-up consultations with these doctors. Therefore, the appeal did not put prison officials on notice of these claims.

PVSP-10-14718 also fails to mention anything about medical staff allegedly discontinuing his medication. In fact, as Defendants point out, the appeal specifically mentions that Green was continuing morphine in accordance with the pain management committee.

In addition, PVSP-10-14718 presents no allegations concerning Warden Trimble. There is no mention of any staff member denying Dr. Langlois' or Dr. Dureza's recommendations and follow-up consultations.

"[T]he prisoner need only provide the level of detail required by the prison's regulations," and during the relevant time period, "[t]he California regulations require[d] only that an inmate describe the problem and the action requested." Sapp v. Kimbrell, 623 F.3d at 824 (citations and internal quotation marks omitted). While the standard provides a low floor, it advances the primary purpose of a grievance, which is to notify the prison of a problem. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009); accord Akhtar v. Mesa, 698 F.3d 1202, 1211 (9th Cir. 2012). Here, Plaintiff's appeal failed to alert the prison to the nature of the wrong for which redress is now sought – the refusals by Dr. Igbinosa and Warden Trimble to follow the recommendations of Dr. Langlois and Dr. Dureza and to allow follow-up visits – and it was therefore insufficient to exhaust his Eighth Amendment claim. Sapp, 623 F.3d at 824. Accordingly, PVSP-10-14718 did not serve to exhaust any claims presented in the FAC.

**2. PVSP-09-11552**

In Plaintiff's appeal PVSP-09-11552, Plaintiff first grieved at the informal level that he wanted his primary care physician to follow Dr. Langlois' recommendations regarding pain medication pursuant to his meeting with Dr. Langlois on March 2, 2009. Navarro Decl., Ex. B.

He requested that he be seen by a yard physician regarding Langlois' pain medication recommendations.

After he received his informal response, Plaintiff added a claim at the formal level that he desired to be referred to a neurosurgeon. The first level response noted the additional claim and Plaintiff was advised that it was inappropriately presented in the appeal. The claim was not addressed pending Plaintiff first raising it at the informal level. Plaintiff then appealed to the second level where he added a claim challenging the policy of not allowing private contractors to order treatment, and added that he wanted to have back surgery. The appeal response noted that Plaintiff had added new issues and Plaintiff was advised that the issues would not be addressed since it was not appropriate to expand the appeal beyond the original issue. Prison officials advised Plaintiff that the appeal was limited to the complaints originally grieved. Under Cal. Code Regs. tit. 15, § 3084.3(c)(4) (2009), an inmate is required to present evidence in an appeal that he had attempted to resolve his grievance at the level below. Thus, Plaintiff failed to exhaust his administrative remedies as to all claims not presented at the informal level.

With respect to any claims concerning Defendants Green and Jardini, PVSP-09-11552 did not serve to exhaust his administrative remedies. In his FAC, Plaintiff alleges that Defendant Green discontinued his Lyrica medication on June 3, 2010, because he was a manipulative whiner. He further alleges that on February 18, 2011, Defendant Jardini told him he was going to discontinue his pain medication. These incidents occurred more than a year after he had filed appeal PVSP-09-11552. The appeal could not exhaust claims that had not yet accrued.

In his FAC, Plaintiff alleges that Defendant Trimble denied his appeals asking for pain management and doctor consultations. Appeal PVSP-09-11552 does not mention Defendant Trimble, nor does it make any allegation concerning the denial of the appeal. Therefore, the appeal did not exhaust his administrative remedies as to claims concerning Defendant Trimble.

Finally, the FAC alleges that Defendant Igbinosa failed to follow Dr. Langlois' and Dr. Dureza's 2008 recommendations, and that Igbinosa denied all follow-up visits with these doctors. Appeal PVSP-09-11552 does not address either of these allegations. Instead, the appeal concerns events which occurred after he saw Dr. Langlois in March of 2009. The visits of 2008 and the

doctors recommendations in 2008 were never addressed. Plaintiff does not mention Defendant Igbinosa, he does not mention Dr. Dureza, and he makes no allegation concerning denials of follow-up visits with any doctor. Therefore, appeal PVSP-09-11552 did not place prison officials on notice of Plaintiff's claims concerning Defendant Igbinosa.

In sum, PVSP-09-11552 did not exhaust any of Plaintiff's claims in the FAC.

## IV. Conclusion and Recommendations

For the reasons set forth herein, the Court finds that Plaintiff failed to exhaust his administrative remedies with respect to the claims presented in his FAC. Therefore, the Court RECOMMENDS that Defendants' motion for summary judgment be GRANTED, and the FAC be DISMISSED WITH PREJUDICE, thus terminating this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to objections are due within **fourteen (14) days** of the date of service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 3, 2015**

/s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE